# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Shamar Rashi Hines,<br>　　Petitioner,<br><br>v.<br><br>J. Ray Ormond Warden, ,<br>　　Respondent. | 1:18cv526 (AJT/IDD) |

### MEMORANDUM OPINON AND ORDER

Shamar Rashi Hines ("Hines" or "petitioner"), a federal inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hines sought to be resentenced relying upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), stating his May 15, 1995, in Durham County Superior Court, Durham County, North Carolina, for possession with intent to sell or deliver cocaine should no longer count as prior felony drug offenses under 21 U.S.C. § 802(44), and should not have been used to raise the sentencing range for his conviction in *Hines v. United States*, Nos. 1:12cv30; 1:01cr239-1 (M.D.N.C.) (Dec. 13, 2001). By order entered May 17, 2019, this matter was stayed because Hines was seeking the same relief, via § 2255, in the United States District Court for the Middle District of North Carolina. [Dkt. No. 11]. As a result of a routine docket review, the Court directed counsel for respondent to provide an update on the status of this case. [Dkt. No. 12]. Respondent filed a response on February 7, 2023 indicating, among other arguments, that this matter is moot. [Dkt. No. 13].

The dockets of this Court and that of the original criminal case in the United States District Court for the Middle District of North Carolina support the argument that the § 2241 petition is moot. On May 5, 2020, the Middle District of North Carolina granted Hines's § 2255 petition and ordered a resentencing. *See United States v. Hines*, No. 1:01cr239-1, ECF. No. 197. In an amended judgment dated May 28, 2020, the Middle District of North Carolina resentenced Hines to 120

months on count one and time served on counts two and three, with four years of supervised release. Bureau of Prison's inmate locator shows that Hines was released on May 28, 2020.

In light of Hines' resentencing and release, it is clear that the present matter is moot. In the habeas context, the crucial issue with respect to mootness is often whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, there still may be a case or controversy before the court — even if the injury that a complaining party seeks to remedy through litigation no longer exists — if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). In his § 2241 petition, Hines sought to be resentenced. The Middle District of North Carolina granted his motion to reduce his sentence on May 5, 2020, his sentence was reduced, and Hines was released from custody on May 28, 2020. Since he has already received the relief that he is seeking in his § 2241 petition, his § 2241 petition is moot. *See, e.g., United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that a case is moot "when it is impossible for a court to grant any effectual relief whatever"). Consequently, there is no more relief that can be granted.

Since the stay was entered on May 17, 2019, Hines has not updated his address with this Court or contacted the Court. The Court has examined the docket of the proceedings in North Carolina and Hines has not contacted that court since he was released on May 28, 2020. On May 10, 2018, the Court entered an order that, in relevant part, required Hines to "immediately" notify this Court if he was "transferred, released, or otherwise relocated" and that if he failed to do so this matter could be dismissed. [Dkt. No. 3 at 2]. Another order dated July 6, 2019 contained a

similar warning informing Hines that if he failed to immediately notify the Court of his release that his petition could be dismissed. [Dkt. No. 5].

As a litigant, Hines has a duty to keep the Court informed of his correct address. *Toole v. Norfolk Police Dep't*, No. 2:16cv468, 2016 WL 10587110, at *1 (E.D. Va. Sept. 16, 2016) (citing *Buxton v. Aero Mayflower Transit Co.*, 489 F.2d 754, 754 (4th Cir. 1974) and Rule 7(B) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia); *see, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (recognizing a *pro se* plaintiff bears the burden of maintaining an accurate address of record and a court has no obligation to track down a plaintiff's whereabouts before dismissing an action for failing to prosecute). In light of Hines failure to inform the Court of a forwarding address where he can receive the Court's orders, any subsequent order to update the address or grant an extension of time would be futile as it would be similarly returned to the Court as undeliverable. Hines cannot be spared dismissal since he himself is responsible for the Court's inability to notify him. *See Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (dismissing *pro se* plaintiff's lawsuit for failure to prosecute where plaintiff's not actually receiving the court order warning of dismissal could "only be attributed either to plaintiff's deliberate failure to claim the letter, or her failure to advise the court of a change of address."). Accordingly, the Court finds that plaintiff has abandoned this action.

Accordingly, it is hereby

ORDERED that the § 2241 petition, as amended, [Dkt. Nos. 1, 4] be and hereby is DISMISSED AS MOOT.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice

of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in favor of respondent pursuant to Federal Rule of Civil Procedure 58; and to close this civil action.

Entered this 16th day of February 2023.

Alexandria, Virginia

/s/
_____
Anthony J. Trenga
Senior United States District Judge